IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES LIGHTNER,

        Plaintiff,

   v.

COUNTY OF CONTRA COSTA; DEPUTY DAVID CUSHMAN, in his individual capacity; DEPUTY J. PATZER, in his individual capacity; DEPUTY J. VORHAUER, in his individual capacity,

        Defendants.
_____/

No. C 09-2043 CW

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (Docket No. 14)

    Defendants County of Contra Costa and Deputies Cushman, Patzer and Vorhauer move to dismiss Plaintiff James Lightner's civil rights action for failure to state a claim.  Plaintiff opposes the motion.  The motion was taken under submission on the papers. Having considered all the papers submitted by the parties, the Court GRANTS in part Defendants' Motion to Dismiss and DENIES it in part.

BACKGROUND

    This action arises from Plaintiff's allegations that Defendants violated his civil rights.  In May, 2007, Defendants

Cushman, Patzer and Vorhauer entered Plaintiff's residence to arrest him for a parole violation. Plaintiff maintains that, while Deputies Patzer and Vorhauer had restrained him with his face down on the floor and his hands behind his back, Deputy Cushman released a police dog and commanded it to attack him. The dog bit Plaintiff, allegedly causing injury that required medical care. Plaintiff maintains that the individual Defendants did not provide him with access to medical treatment.

Plaintiff asserts that he did not resist or attempt to evade arrest and that he did not pose an imminent threat of death or serious bodily injury. He claims that Deputy Cushman was not justified in releasing the dog. Plaintiff attributes Deputy Cushman's alleged use of excessive force to a purported failure of the County to provide adequate training.

Based on the events leading to his arrest, Plaintiff was charged with resisting arrest in violation of California Penal Code section 69.[1] Defs.' Request for Judicial Notice (RJN), Ex. B. Plaintiff plead <u>nolo contendere</u> to this charge. RJN, Exs. C-D.

Plaintiff brings three claims under 42 U.S.C. § 1983. Against the individual Defendants,[2] Plaintiff asserts claims of excessive

---

[1] Defendants ask the Court to take judicial notice of public records relating to the arrest. Because the certified copies of the felony complaint filed against Plaintiff, a Clerk's Docket and Minutes from Plaintiff's criminal case and Plaintiff's Advisement of Rights, Waiver and Plea Form are not subject to reasonable dispute, the Court grants Defendants' request for judicial notice of these documents. <u>See</u> Fed. R. Evid. 201. The Court denies Defendants' request as to the reports of the deputies on the arrest because they contain facts that are subject to reasonable dispute.

[2] Plaintiff asserts several of his claims against "Doe Officers" and "Doe Supervisors." The use of Doe defendants is not
(continued...)

2

force.  As to Deputy Cushman, Plaintiff asserts a claim of failure to provide medical care.  Finally, Plaintiff seeks "municipal liability for unconstitutional custom or policy" against the County.  He seeks compensatory and punitive damages for his claims.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

---

[2](...continued)
favored in the Ninth Circuit.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them.  Id.  Failure to afford the plaintiff such an opportunity is error.  See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the Court, on its own motion, DISMISSES without prejudice Plaintiff's claims against the Doe Defendants.  Should Plaintiff learn of the Doe Defendants' identities through discovery, he may move for leave to file an amended complaint to add them as named defendants.  See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

DISCUSSION

I.  Excessive Force Claim

Defendants argue that Plaintiff's excessive force claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the Supreme Court ruled that a plaintiff may not recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he or she can prove that the conviction or sentence has been overturned, expunged or declared invalid.  512 U.S. at 486-87.  The test is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of [the plaintiff's] conviction or sentence."  Id. at 487.

As stated above, Plaintiff plead nolo contendere to a charge of violating California Penal Code section 69,[3] which provides:

> Every person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or who knowingly resists, by the use of force or violence, such officer, in the performance of his duty, is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment in the state prison, or in a county jail not exceeding one year, or by both such fine and imprisonment.

A defendant cannot be convicted under section 69 "unless the officer was acting lawfully at the time the offense against the officer was committed."  In re Manuel G., 16 Cal. 4th 805, 815 (1997).  Defendants assert that, if Plaintiff were to prevail on his excessive force claim, this result would entail a finding that the individual Defendants acted unlawfully, which would invalidate Plaintiff's nolo contendere plea.

---

[3] In California, a plea of nolo contendere has the same effect as a guilty plea or guilty verdict for the purposes of a Heck analysis.  See Nuno v. County of San Bernardino, 58 F. Supp. 2d 1127, 1135 (C.D. Cal. 1999).

4

1    Plaintiff cites Smith v. City of Hemet, 394 F.3d 689, 695 (9th
2 Cir. 2005), in which the Ninth Circuit held, "In California, the
3 lawfulness of the officer's conduct is an essential element of the
4 offense of resisting, delaying or obstructing a peace officer."
5 The court ruled that, if an officer used excessive force at the
6 time of an arrest, the arrest would be unlawful and the arrestee
7 could not be convicted of resisting. Id. at 695-96. However, the
8 Smith court ruled that the defendants in that case were not
9 entitled to summary judgment under Heck because it was not clear
10 from the record whether Smith had plead guilty to resisting,
11 delaying or obstructing the officer based upon his actions during
12 his arrest (which would have triggered Heck), or based upon his
13 actions prior to his arrest when officers were attempting to
14 conduct an investigation at Smith's house and had not yet attempted
15 to detain him. Id. at 697-98.

16    At this early stage, the record is not sufficiently developed
17 for the Court to determine whether Heck bars Plaintiff's claim
18 against Deputy Cushman. As in Smith, the record does not show
19 whether the conduct for which Plaintiff was charged coincided with
20 Deputy Cushman's release of the dog. If the two correspond, Heck
21 would bar Plaintiff's claim against Deputy Cushman.

22    Defendants analogize Plaintiff's case to Truong v. Orange
23 County Sheriff's Department, in which a state appellate court
24 concluded, on a motion for judgment on the pleadings, that Heck
25 barred the plaintiff's excessive force claim. 129 Cal. App. 4th
26 1423, 1427-30 (2005). There, the plaintiff admitted that, during
27 her booking at the county jail, she initially refused to disrobe
28 and shower despite sheriff's deputies' instructions. Id. at 1425.

She alleged that, as she began to comply with the instructions by removing her sweater, several deputies twisted her arms and struck her body. Id. at 1426.  Although she subsequently plead guilty to a charge under California Penal Code section 148 for resisting the exercise of lawful duty, the plaintiff maintained that the deputies' actions were excessive because they struck her after she had started to comply. Id.  The state court rejected this argument, concluding "that Truong's refusal to obey the lawful order and the events that led to her injuries are part of an unbreakable chain of events." Id. at 1429.  In other words, the defendants' alleged violations of the plaintiff's civil rights were intertwined with the conduct that precipitated the charge against her and, as a result, Heck barred her claims.

Here, Plaintiff's allegations, which must be taken as true on this motion, do not suggest that Deputy Cushman's alleged use of excessive force was necessarily part of a chain of events tied to Plaintiff's resisting arrest.  As stated above, he pleads that Deputies Patzer and Vorhauer had already restrained him and that he was in a prone position when Deputy Cushman released the dog.  The actions of Deputies Patzer and Vorhauer could have broken the chain.

However, Plaintiff does not plead sufficient facts that tend to show that Deputies Patzer and Vorhauer acted with excessive force.  He only alleges that they "fully restrained" him and that "one or two of them were on top of" him. Compl. ¶ 13.  This does not suggest that they used excessive force.  To the extent that Plaintiff intends to complain that Deputies Patzer and Vorhauer were involved in the release of the police dog, which could

6

constitute excessive force, he must allege factual support. Currently, he simply avers that they acted "in concert with Cushman . . . ." Compl. ¶ 21. Plaintiff must truthfully allege facts showing that Deputies Patzer and Vorhauer were personally involved in the release of the dog. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (requiring personal participation by a defendant for liability to accrue under § 1983).

Accordingly, on this motion, the Court does not conclude that Heck bars Plaintiff's excessive force claims against Deputy Cushman. However, the Court dismisses with leave to amend Plaintiff's claims against Deputies Patzer and Vorhauer.

II.  Failure to Provide Medical Care

A claim for failure to provide medical care while in police custody arises under the Due Process Clause of the Fourteenth Amendment. See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996). In analyzing such a claim, a court applies the same standard used for claims under the Eighth Amendment for violation of a prisoner's right to health care. Id. "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a deliberate indifference to serious medical needs of" the plaintiff. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (citation and internal quotation marks omitted). To establish deliberate indifference, a plaintiff must show that the official delayed, denied or intentionally interfered with medical treatment. Id.

Plaintiff pleads sufficient facts to support his claim against

Deputy Cushman.[4]  Plaintiff asserts that Deputy Cushman, among others, knew of his injuries, but nevertheless failed to provide him with access to proper medical care.  Defendants cite <u>Shehee v. Lutrell</u>, 199 F.3d 295 (6th Cir. 1999), to argue that liability under § 1983 cannot be based on a failure to act.  However, <u>Shehee</u> addressed liability against the supervisors of offending employees, not the employees themselves.  <u>Id.</u> at 300.  Here, Plaintiff complains that Deputy Cushman failed to provide him with medical care.  Because he was allegedly present when Plaintiff required such care, these allegations support his claim that Deputy Cushman was deliberately indifferent.

CONCLUSION

For the foregoing reasons, the Court GRANTS in part Defendants' Motion to Dismiss and DENIES it in part.  (Docket No. 14.)  Plaintiff's excessive force claims against Deputies Patzer and Vorhauer are dismissed with leave to amend to cure the deficiencies discussed above.  Defendants' motion is denied in all other respects.  Within twenty-one days of the date of this Order, Defendants shall answer Plaintiff's claims against Deputy Cushman and the County.

On its own motion, the Court DISMISSES all claims asserted against Doe Defendants without prejudice to Plaintiff moving for leave to amend his complaint at a later date to identify these Defendants.

---

[4] Plaintiff brings this claim only against Deputy Cushman, even though he makes allegations against Deputies Patzer and Vorhauer concerning their failure to provide him with medical care. If Plaintiff intends to assert this claim against Deputies Patzer and Vorhauer, he must amend his complaint to reflect as much.

Plaintiff may file an amended complaint to cure the deficiencies noted above within twenty-one days from the date of this order.  If Plaintiff does so, Defendants may file a motion to dismiss, based on Plaintiff's new pleadings, three weeks thereafter, with Plaintiff's opposition due two weeks following and Defendants' reply due one week after that.  If a motion to dismiss is filed, it would not be fully briefed before the case management conference (CMC) scheduled for April 27, 2010 at 2:00 p.m.  The Court accordingly continues the CMC to June 3, 2010 at 2:00 p.m.

IT IS SO ORDERED.

Dated: March 29, 2010

CLAUDIA WILKEN
United States District Judge